UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JANE SHATTUCK,

                    Plaintiff,

      v.

FRED MEYER INC, et al.,

                 Defendants.

CASE NO. C19-1677 MJP

ORDER ON DEFENDANT UNITED
FOOD AND COMMERCIAL
WORKERS UNION, LOCAL NO.
21 MOTION FOR SUMMARY
JUDGMENT

The above-entitled Court, having received and reviewed:

1. Defendant United Food and Commercial Workers Union, Local No. 21's Motion for
   Summary Judgment (Dkt. No. 14),

2. Plaintiff's Response to Local 21 Motion for Summary Judgment (Dkt. No. 20),

3. Defendant United Food and Commercial Workers Union, Local No. 21's Reply Brief
   in Support of Motion for Summary Judgment (Dkt. No. 21),

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

1    IT IS ORDERED that the motion is GRANTED; all claims against Defendant United

2    Food and Commercial Workers Union, Local No. 21 are dismissed with prejudice.

3                                   **Background**

4    Plaintiff was employed by Defendant Fred Meyer, Inc. ("Fred Meyer") from 2008 until

5    2018.  Dkt. No. 1-4, Complaint at ¶ 4.1; Dkt. No. 15, Decl. of McGuiness, Ex. D.  She was a

6    member of Defendant United Food and Commercial Workers Union, Local No. 21 ("Local 21").

7    Fred Meyer and Local 21 were parties to a collective bargaining agreement ("the CBA") that

8    covered Plaintiff during her employment with Fred Meyer.  Decl. of McGuiness, Ex. A.

9    On September 16, 2019, Plaintiff filed suit in state court against Local 21 and Fred

10   Meyer.   Her claims against Local 21 consist of allegations that the Union violated its duty of fair

11   representation in failing to pursue "several grievances" which Plaintiff wished to file against

12   Fred Meyer regarding conditions of her employment and alleged violations of the CBA.

13   Complaint, § XII at ¶¶ 12.1 – 12.6.  The lawsuit was removed to federal court on October 18,

14   2019.  Dkt. No. 1.

15                                  **Discussion**

16   Standard of review

17   "The court shall grant summary judgment if the movant shows that there is no genuine

18   dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

19   Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the nonmoving

20   party fails to make a sufficient showing on an essential element of a claim in the case on which

21   the nonmoving party has the burden of proof.  Celotex Corp. v. Catrett, 477 U.S. 317, 323

22   (1985).  There is no genuine issue of fact for trial where the record, taken as a whole, could not

23   lead a rational trier of fact to find for the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith

24

1  Radio Corp., 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant

2  probative evidence, not simply "some metaphysical doubt."); Fed. R. Civ. P. 56(e).  Conversely,

3  a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed

4  factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  Anderson

5  v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T.W. Elec. Service Inc. v. Pacific Electrical

6  Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

7         Local 21's Motion for Summary Judgment

8         The union was forced, by virtue of Plaintiff's generalized pleadings, to speculate

9  concerning the nature of the "several grievances" to which Plaintiff's complaint referred.

10  Through discovery, it narrowed the options down to three possibilities:

11     1.  A scheduling dispute between Fred Meyer and Plaintiff which occurred on or about

12        February 17, 2018.  Decl. of McGuinness, Ex. E.

13     2.  A suspension of Plaintiff which occurred in early October 2018.  Id., Ex. B.

14     3.  A series of alleged scheduling violations which occurred between September 2017 and

15        February 2018.

16         Regarding the first two possibilities, Local 21 provided evidence that it had filed timely

17  grievances on Plaintiff's behalf.  The grievance concerning the scheduling dispute was filed on

18  April 4, 2018 (Id. at p. 4); an arbitration of that grievance was pending at the time the motion

19  was filed. Dkt. No. 16, Decl. of Tse, Ex. A.  The grievance concerning Plaintiff's suspension

20  was filed the same month the suspension occurred (Decl. of McGuiness, Ex. B); following

21  Plaintiff's rejection of a settlement offer, the grievance continues to be processed in accordance

22  with the CBA.  Dkt. No. 17, Decl. of Oakland, ¶ 4.

23

24

ORDER ON DEFENDANT UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL NO. 21
MOTION FOR SUMMARY JUDGMENT - 3

1     Plaintiff's responsive briefing clarifies the nature of the alleged failure of fair

2  representation for which she seeks redress.  Plaintiff has now asserted that her duty of

3  representation claim

4          centers not around the three month removal from the schedule during 2018
           or the suspension, but rather the failure of Local 21 to file a grievance
5          despite her numerous and consistent requests to do so regarding the fact
           that employees with less seniority were being scheduled ahead of her and
6          she was being denied 40 hours per week of work as a result when she was
           qualified as a 40 hour per week employee.
7

8  Dkt. No. 20, Response at 4.  On the basis of this concession and the uncontroverted evidence

9  provided by the union that it timely filed grievances regarding the first two situations in

10  accordance with the CBA, the Court will dismiss any claim based on failure of a duty of fair

11  representation as regards the two pending grievances.

12     The union does not, however, contest (for purposes of this motion) that it failed to file

13  grievances regarding the scheduling issues cited by Plaintiff in the excerpt above.  Dkt. No. 21,

14  Reply at 4.  Plaintiff asserts that these scheduling violations occurred between October 2017 and

15  February 2018.  Response at 3; Dkt. No. 20-1, Decl. of Shattuck at 4.  For this remaining claim

16  in Plaintiff's duty of fair representation cause of action, Local 21 asserts that Plaintiff is barred

17  from recovery by the applicable statute of limitations.

18     The union bases its position on its characterization of Plaintiff's lawsuit as a "hybrid"

19  action under § 301 of the National Labor Relations Act ("NLRA"); i.e., litigation aimed at both

20  the employer and the union.  *See* DelCostello v. Teamsters, 462 U.S. 151, 163-64 (1983)("[T]he

21  suit against the employer rests on Section 301, since the employee is alleging a breach of the

22  collective bargaining agreement.  The suit against the union is for the breach of the union's duty

23  of fair representation which is implied under the scheme of the National Labor Relations Act.")

24

ORDER ON DEFENDANT UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL NO. 21
MOTION FOR SUMMARY JUDGMENT - 4

1   The statute of limitations under the NLRA is six months (*see* § 10(b), 26 U.S.C. 160(b)), and

2   begins to run when the plaintiff employee "discovers, or in the exercise of reasonable diligence"

3   should have discovered, the acts constituting the alleged breach of the union's duty of fair

4   representation.  Galindo v. Stoody Co., 793 F.2d 1502, 1509 (9th Cir. 1986).

5   　　　　Plaintiff disagrees, and cites Killian v. Seattle Public Schools, 189 Wn.2d 447 (2017) for

6   her argument that a breach of the duty of fair representation claim filed directly in Superior Court

7   (where her lawsuit originated) has a two-year statute of limitations.   Plaintiff is mistaken, and

8   her case is inapposite.  Killian concerns a lawsuit filed by a Washington State public employee,

9   and involved the difference between the statutes of limitations in cases filed by such employees

10  with the State Public Employee Relations Committee ("PERC") and lawsuits filed in the state

11  Superior Court. The statutory framework at issue in Killian only concerned state public

12  employees; Plaintiff is a private sector employee[1], a category which even the Killian court

13  acknowledged was governed by a different statutory scheme.  ("Unlike PERC, however, the

14  NLRB asserts jurisdiction to hear [duty of fair representation] claims arising from the union's

15  actions in processing a claim under a CBA."  Id. at 462-63.)

16  　　　　Plaintiff identifies the period of alleged scheduling violations on the part of Fred Meyer

17  to have lasted from October 2017 through February 2018.  Response at 1; Decl. of Shattuck at 3.

18  Calculating from the final day of February of 2018, adding in the 60-day time limit under the

19  CBA for the filing of grievances (*see* Decl. of McGuiness, Ex. A at 2), Plaintiff "knew or

20  reasonably should have known" by May 3, 2018 that she had a cause of action against Local 21

21  for failing to timely file her grievance; she had six months from that date (i.e., November 3,

22

23  _____

[1] The NLRA is applicable to employees of non-governmental corporations such as Fred Meyer.  *See*  29 U.S.C. §

24  152(2) and (3).

ORDER ON DEFENDANT UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL NO. 21
MOTION FOR SUMMARY JUDGMENT - 5

2018) to assert her claims against the union.  Her filing date of September 16, 2019 is well outside of the statutory period within which she was required to prosecute her claim.

The Court finds that the material facts in this matter are not in dispute and that, based on Plaintiff's failure to file her duty of fair representation claim within the statute of limitations for such actions under the NLRA, Defendant Local 21 is entitled to judgment as a matter of law. The union's motion for summary judgment is granted and Plaintiff's action against it is dismissed with prejudice.


The clerk is ordered to provide copies of this order to all counsel.

Dated May 14, 2020.

Marsha J. Pechman
United States Senior District Judge